UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS MACKENZIE,<br><br>             Petitioner,<br><br>     v.<br><br>BRANDON PRICE,<br><br>             Respondent. | Case No. 8:21-cv-01852-VBF-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

     Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") and supporting documents, the matters as to which the Court has taken judicial notice at petitioner's request, the parties' submissions in connection with respondent's Motion to Dismiss and Request for Judicial Notice, and all of the records herein, including the May 5, 2022 Report and Recommendation of United States Magistrate Judge ("R&R") and petitioner's Objections to the R&R.  The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.  The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.  The Court specifically addresses some of the Objections below.

The R&R recommends abstaining under Younger v. Harris, 401 U.S. 37 (1971), and its progeny from considering petitioner's challenges to proceedings now pending in the Los Angeles County Superior Court under California's Sexually Violent Predators Act ("SVPA"). Younger abstention only applies if "'(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.'" Page v. King, 932 F.3d 898, 901-02 (9th Cir. 2019) (quoting Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018)); Bean v. Matteucci, 986 F.3d 1128, 1133 (9th Cir. 2021).

Among other things, petitioner objects that SVPA proceedings do not allow him the opportunity to raise constitutional challenges because he "is burdened with an attorney who has evinced a total absence of loyalty towards [p]etitioner which has contributed to a conflict of interest" as "[s]aid attorney has adamantly refused to file any pleadings challenging the constitutional claims noted within the instant habeas petition." (Objections at 3-5). However, this objection is without merit. While petitioner expresses dissatisfaction with the attorney representing him in his SVPA proceedings, when, as here, "vital state interests are involved, a federal court should abstain 'unless **state law clearly bars** the interposition of the constitutional claims.'" Middlesex Cnty. Ethics Comm'n. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (citation omitted; emphasis added). Petitioner has not shown that to be the case. To the contrary, as the R&R explained, petitioner's SVPA proceedings "afford [him] an adequate opportunity to litigate his federal claims."[1] Rhoden v. Mayberg, 361 F. App'x 895, 896 (9th Cir. 2010);

---

[1] A defendant in SVPA proceedings who is unhappy with his counsel can file a Marsden motion, People v. Marsden, 2 Cal. 3d 118 (1970); see also People v. Hill, 219 Cal. App. 4th 646,
(continued...)

1  Cruz v. Price, __ F. App'x __, 2022 WL 989470, *1 (9th Cir. 2022); Smith v.
2  Plummer, 458 F. App'x 642, 643 (9th Cir. 2011); Castillo v. Baca, 397 F. App'x
3  324, 324 (9th Cir. 2010).

   Petitioner also objects to the R&R's conclusion that he does not fall within the "extraordinary circumstances" exception to Younger abstention. (Objections at 5-9). He argues that he falls within the "extraordinary circumstances" exception recognized in Page because he is challenging the trial court's probable cause finding and seeking a new probable cause determination. (Objections at 5-9).

   In Page, the Ninth Circuit noted that "*Younger* does not 'require[] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court' where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial." Page, 932 F.3d at 903 (quoting Arevalo, 882 F.3d at 765). The Ninth Circuit found that the claim Page was raising – "that the state is violating his due process right not to be detained pretrial based on a stale and scientifically invalid probable cause determination" – "'fits squarely within the irreparable harm exception'" because "a post-trial adjudication of his claim will not fully vindicate his right to a current and proper pretrial probable cause determination" and the claim "is not 'directed at the state prosecution[] as such, but only at the legality of pretrial detention without

---

[1](...continued)
652 (2013) (A "defendant in an SVPA proceeding has a due process right to a *Marsden* hearing."), which "is the California procedural mechanism through which a . . . defendant 'seeks to discharge his appointed counsel and substitute another attorney' on the ground that he has received inadequate representation." Mahrt v. Beard, 849 F.3d 1164, 1168 (9th Cir. 2017) (citations omitted). Petitioner is well aware of this since not only has he attempted to replace his counsel multiple times (see Lodged Doc. 1 at 4, 6-8, 15-18, 24-25, 30-31, 37-39, 83-86), but he also has a Marsden motion pending in the Superior Court. (See https://visionpublic.occourts.org (last visited June 7, 2022)).

a [constitutionally-adequate] judicial hearing, an issue that could not be raised in defense of the criminal prosecution, and thus' . . . [would] 'not prejudice the conduct of the trial on the merits.'"  Id. at 904 (citations omitted).

The R&R found that petitioner does not fall within the "extraordinary circumstances" exception recognized in Page because he is not challenging "a procedure that is distinct from his underlying SVPA trial and would not interfere with the upcoming trial"; instead, he is attacking the SVPA's constitutionality and seeking "a court determination that he is not [a sexually violent predator ("SVP")] – the exact issue to be determined in his upcoming trial – as well as an order requiring his 'immediate release from detention.'"  (R&R at 15-16 (citations omitted)).  The record supports this assessment as, among other things, the Petition alleges the SVPA violates petitioner's constitutional rights and it does not request a new probable cause hearing, but rather seeks recognition that petitioner is "not currently an SVP at all" and requests petitioner's "immediate release from detention."  (See Petition at 7, 17, 19-28 (emphasis in original)).  But even if this was not the case, and petitioner had, as he argues, raised a claim that "fits squarely within the dictates outlined" in Page (Objections at 8), it would not benefit him since, as the R&R recognizes, "in a subsequent appeal the Ninth Circuit determined that such a claim raised only state law issues not cognizable on federal habeas corpus."  (R&R at 16 n.9); see also Page v. King, __ F. App'x __, 2021 WL 4690953, *2 (9th Cir. 2021) ("Page argues that the probable cause finding is based on stale evaluations because they no longer meet the SVPA's requirement of current diagnoses and two concurring expert opinions.  However, this issue presents a state law violation that is not grounds for federal habeas relief." (footnote omitted)); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (Federal habeas corpus relief "does not lie for errors of state law."); Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law.").

1  Petitioner's remaining Objections are without merit and do not warrant
2  further discussion.
3  Finally, petitioner has filed a fourth request for judicial notice, which asks
4  the Court to take judicial notice of a habeas corpus petition he filed in the
5  California Supreme Court on December 13, 2021, and the California Supreme
6  Court's order denying that petition on May 11, 2022. (Dkt. No. 30).  Petitioner's
7  request is granted.[2]  See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir.
8  2014) ("It is well established that we may take judicial notice of judicial
9  proceedings in other courts."); Harris v. Cnty. of Orange, 682 F.3d 1126, 1132
10 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public
11 record, including documents on file in federal or state courts." (citations omitted)).
12 IT IS HEREBY ORDERED that (1) **petitioner's Requests for Judicial**
13 **Notice are granted; (2) respondent's Request for Judicial Notice and Motion**
14 **to Dismiss are granted;** (3) the Court takes judicial notice of the prior cases
15 petitioner has filed in this Court and the status of his ongoing state court
16 proceedings; (4) the Petition and this action are dismissed without prejudice; and
17 (5) Judgment shall be entered accordingly.
18 ///
19 ///
20 ///
21 ///
22 ///

---

[2]The California Supreme Court denied the petition "without prejudice to raising these claims in the appropriate manner." (Dkt. No. 30, Att. 2 (citing In re Barnett, 31 Cal. 4th 466, 471 (2003) ("As a general rule, parties who are represented in court by counsel of record are required to proceed in court through their counsel."))).  The California Supreme Court's order does not moot the need for Younger abstention, but does raise the question of whether petitioner has properly exhausted any of the claims set forth in his Petition.  However, given the Court's rejection of petitioner's objections to the R&R and its dismissal of this action without prejudice, the Court need not further explore that issue here.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and counsel for respondent.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 30, 2022          /s/ Valerie Baker Fairbank

                                      _____

                                      HON. VALERIE BAKER FAIRBANK
                                      SENIOR UNITED STATES DISTRICT JUDGE